Cecilio Méndez, Plaintiff and Appellant, *v.* Diego G. González et al., Defendants and Appellees.

No. 5936.   Argued April 5, 1934.—Decided June 30, 1934.

*R. Padró Parés* for appellant.   *García Méndez & García Méndez* for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

To secure the effectiveness of a judgment against Marcelino Aldarondo, Diego G. González attached both real and personal property.  Cecilio Méndez appeared in this suit to claim the personal property attached as his own and the present appeal is from a judgment of the district court dismissing the complaint of the intervenor.

From the evidence the court found that all the attached goods were in the possession and belonged to Marcelino Aldarondo at the time of the attachment and that the shop also belonged to Marcelino Aldarondo.  There was a good deal

of evidence at the trial on the part of Méndez to show that he had a license for this particular shop, but there was other evidence which the court believed that tended to show that Aldarondo had a license for the shop where the goods were attached. Cecilio Méndez had a shop nearby.

We can not doubt that the property belonged to Aldarondo. This conclusion is strengthened by the fact that Aldarondo never took the witness stand. Neither the court nor the appellees make any comment on this fact, but his omission to take the stand was very significant. He might have explained a great deal and the provisions of paragraph 5 of Section 102 of the Law of Evidence are applicable.

■ The appellant complains of the failure of the court to strike from the answer of González some special matters of defense. We are inclined to agree with the appellees that the part of the answer objected to was germane to the case, although possibly it contained some unnecessary matters of proof. The error was harmless.

The appellant complains also of the action of the court in taking a view of the premises, without the presence of the appellant. The court merely went out to see where the shop was located and we agree with the appellees that the error, if any, was harmless.

■ The assignment letter ''C'' refers to an alleged passion or prejudice on the part of the court in referring to the evidence in the other case—*Méndez* v. *González, ante* p. 128. We do not find that the appellant made any effort in the court below to ask the court not to rely on the facts of the other case. However, the two cases ought to have been heard together. We do not find that the court relied on the facts of the other case, but even if it did, or if it were affected by the credibility of the witnesses by reason of the trial of the other case, this is the condition of mind that is inescapable if a court tries both cases on the same day. In any event,

134

the proof of the fraudulent transfer was sufficient and the action of the court was harmless.

■ Assignment "D", which the appellant treats in conjunction with letter "C", fails to show any passion or prejudice in the court. The court asked certain questions, the answers to which would tend to support the case of González and we find no prejudice or error.

The examination of the whole evidence satisfies us of the findings of the court and the judgment appealed from should be affirmed.